E-FILED
Monday, 31 March, 2008 09:21:08 AM
Clerk, U.S. District Court, ILCD
FILED

MAR 3 1 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DAVID L. DEWEY, | § | |
| Petitioner, | § | |
| vs. | § | Docket Nos.   03-40045-001 |
| | | 03-40128 |
| UNITED STATES OF AMERICA | § | 03-40129 |
| | | 03-40130 |
| Respondent. | § | 03-40131 |

PETITION TO MODIFY JUDGMENT OF
COMMITMENT IN RE RESTITUTION

NOW COMES, David L. Dewey, the Petitioner acting in
pro se, and hereby moves this Honorable Court pursuant to Title
18 U.S.C. § 3664(6)(B)(2), for modification of his Judgment(s)
of Commitment(s) (5 Total) entered by this Honorable Court on
May 14, 2004, specifically pertaining to the restitution of
$38,128.49 that was ordered by this Honorable Court.

NATURE OF THE CASE

1.) Petitioner was sentenced on May 14, 2004, to a
term of imprisonment of sixty (60) months for Count One and
two hundred and seventy-six (276) months for Count Two, to run
concurrently to each other along with the sentences imposed by
this Honorable Court under CDIL case numbers 03-40128, 03-40129,
03-40130, and 03-40131. Furthermore, Petitioner was sentenced
to a term of imprisonment of eighty-four (84) months for Count
Three to run consecutive to Counts One, Two, and CDIL case num-
bers 03-40128, 03-40129, 03-40130, and 03-40131. Petitioner
pled guilty to One Count of Conspiracy to Commit Aggravated Bank
Robbery, Nine Counts of Aggravated Bank Robbery and One Count

of Brandishing a Firearm During a Bank Robbery.

2.) Petitioner's sentence was amended under case number 03-40045-001 on September 22, 2006, from the original term of imprisonment of two hundred and seventy-six (276) months to one hundred and sixty-eight (168) months for Counts One and Two. There was not an amendment made to Count Three.

3.) Petitioner's sentence was amended under case number(s) 03-40128, 03-40129, 03-40130, and 03-40131 on October 26, 2007, from the original term of imprisonment of two hundred and seventy-six (276) months to one hundred and sixty-eight (168) months for Counts One and Two. There was not an amendment made to Count Three

4.) Petitioner was ordered to pay restitution in the amount of $38,128.49. The breakdown of the restitution is as follows:

A.) $7,013.00 - American Bank & Trust - 03-40045-001
B.) $  798.00 - Bank of America - 03-40128
C.) $5,491.00 - Sterling Savings Bank - 03-40129
D.) $3,307.00 - Homestreet Bank - 03-40129
E.) $7,962.50 - Rainier Pacific Bank - 03-40129
F.) $3,257.99 - Sterling Savings Bank - 03-40129
G.) $4,805.00 - Commercial Federal Bank - 03-40130
H.) $4,631.00 - Associated Bank - 03-40131
I.) $  863.00 - F & M Bank - 03-40131

5.) There was no special instructions as to how payment of restitution should be made other than, if a prison term was imposed Petitioner should make payments through the Federal Bureau of Prisons' Inmate Financial Responsibility Program. Note at the time of sentencing this Honorable Court actually ordered Petitioner to pay full restitution due

2

immediately.  However, Petitioner was unable to fulfill this
order as Petitioner was financially unable to pay full resti-
tution due immediately, and, therefore, the status remains the
same.

6.)  Petitioner was processed into the Federal Bureau
of Prisons and upon review of Petitioner's Judgment of Commit-
ments, Petitioner was required to agree to start making quar-
terly (every 3 months) payments of $50.00.  Petitioner informed
the Federal Bureau of Prisons that the restitution order by this
Honorable Court was illegal and that the Federal Bureau of Prisons
does not have the authority to collect any restitution payments
from the Petitioner until this Honorable Court sets a schedule
of equal monthly installments.  As the schedule incorporated
into the Judgment of Commitments at the time of sentencing is
illegal according to the United States Code and the United
States Constitution.  This is now Petitioner's request.

7.)  This Honorable Court itself is required to set
all restitution payments, and also set up a payment schedule
for the Petitioner to follow.  This Honorable Court did not do
this, and has tried to delegate its authority to the Federal
Bureau of Prisons through its Inmate Financial Responsibility
Program which is illegal and not set-forth within the law.

8.)  Federal Bureau of Prisons' Program Statement §
5380.08 and 28 C.F.R. § 545.10 Inmate Financial Responsibility
Program, specifically § 545.10(a) and (b) set forth the pro-
cedures to be used to determine the amount of payments that are

3

to be made either monthly or quaterly.  These procedures are
not being followed by the Federal Bureau of Prisons.  The Federal
Bureau of Prisons have taken it upon theirself to withhold an
amount that they choose every month.

   9.)  Federal Bureau of Prisons' Program Statement §
5380.08, page 7, Section Payment reads in pertinent part:

> "In developing an inmate's financial plan,
> the Unit Team <u>SHALL</u> first subtract from
> the trust fund account the inmate's min-
> imum payment schedule for UNICOR or non-
> UNICOR work assignments, set forth below
> in paragraph (b)(1) and (b)(2) of this sec-
> tion.  The Unit Team <u>SHALL</u> then exclude
> from its assessment $75.00 a month de-
> posited into the inmate's trust fund ac-
> count.  This $75.00 is excluded to allow
> the inmate the opportunity to better main-
> tain telephone communications under the
> Inmate Telephone System."

At each program review, when reviewing the inmate's

financial plan, the Unit Team <u>MUST</u>:

> "Determine the total fund deposited into the
> inmate's trust fund account for the previous
> six months."

> "Subtract the Financial Responsibility Program
> payments made by the inmate during the previous
> six months."

> "Subtract $450.00 (i.e., $75 x 6 months, for the
> Inmate Telephone System exclusion."

§ 5380.08

   Any money remaining after the above computation may be
considered for Financial Responsibility Program payments, regard-
less of whether the money is in the inmate's trust fund or phone
credit account.  The Unit Team has the discretion to consider
all monies above that computation to adjust the inmate's

4

Financial Responsibility Program payment plan.   However, the Unit
Team is not honoring their own procedure.

10.)   Petitioner is currently paying $50.00 per quarter.
Petitioner is having a difficult time affording $50.00 per quarter.
Furthermore, this is a direct violation of the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, along with
the United States Code and the United States Constitution.

### FIRST CAUSE OF ACTION

11.)   The actions of the Federal Bureau of Prisons
stated in paragraphs 1 through 10 denied Petitioner his Due Process
rights under the Fifth Amendment to the United States Constitution.

12.)   Petitioner's rights under 18 U.S.C. § 3663(a),
The Mandatory Victims Restitution Act of 1996, are being violated
by the Federal Bureau of Prisons by collecting monies from the
Petitioner without the authority to do so under 18 U.S.C. § 3664
and other United States Code cites.

13.)   The actions of the Federal Bureau of Prisons stated
in paragraphs 1 through 10 violates Petitioner's rights under
Article III of the United States Constitution.

14.)   This Honorable Court itself has violated Article
III of the United States Constitution by delegating its author-
ity to the Federal Bureau of Prisons.

15.)   This Honorable Court does not have the authority
to delegate its authority to the Federal Bureau of Prisons to
set payment schedules for restitution under Title 18 U.S.C. §

3664, and this delegation violates the United States Constitution under Article III.

## RELIEF REQUESTED

Wherefore, for all of the foregoing reasons, Petitioner respectfully requests this Honorable Court to grant his petition based upon the foregoing reasons and in accordance to <u>Soroka v. Daniels</u>, 467 F.Supp. 2d., 1097 (D.Or. 2006).  Futhermore, Petitioner requests that this Honorable Court issue an order ordering the Federal Bureau of Prisons to stop collecting monies until this Honorable Court imposes a specific schedule of payments to be collected during Petitioner's imprisonment consistent with 18 U.S.C. § 3663(a).

Therefore, Petitioner is requesting that this Honorable Court impose a specific schedule of payments to be collected during Petitioner's imprisonment at $25.00 per quarter (every 3 months as is common practice with other like suited inmates) or an amount that this Honorable Court will be satisfied consistent with 18 U.S.C. § 3663(a).

Executed on this the 28 day of March, 2008.

Respectfully submitted,

David L. Dewey

6

*March 28, 2008*

Office of the District Clerk
Post Office Building, Room 40
211 19th Street
Rock Island, IL 61201

Re:  Dewey v. United States,
     Docket No. 03-40045-001

Dear Clerk of the Court:

Please find enclosed Petition to Modify Judgment and would ask that you please
file at your earliest convenience.  With one of the copies that I have supplied
I would also ask that you please file stamp and return to me for my personal
records.

Further, let it be known that I have served same upon the United States Attorney.

Thank you for your kind assistance in this matter.

Sincerely,


David L. Dewey
Reg. No. 18152-047
Federal Correctional Institution
P. O. Box 5000
Pekin, IL 61555